Judge Trimble,
delivered the following opinion of the court; — This is an application to this court to correct the decision ol the Pulaski circuit court, in refusing to grant a new trial, on the ground of the verdict contrary to evidence. The whole evidence is spread upon the record, by a bill of exceptions, signed and sealed by the court. The power of granting, or causing a new trial to be granted, after it has been refused, by the eourt before whom the cause was tried, ought to be very cautiously and circumspectly exercised by this court, We cannot see the evidence in all its minutia;, as it has appeared before that court; and, therefore, we will not grant a new trial, unless the verdict clearly appears to be contrary to the evidence, and flagrantly unjust. † Such, seems to be the case m the present instance,
The bill of exceptions states, that the plaintiff proved eighty odd pounds of his account by several witnesses; *540 the defendant’s whole account, pleaded as a set-off, amounted but to sixty odd pounds ; so that if the whole of it had been proved (which was not done), there would still be á clear balance in favor of the plaintiff; and yet the jury found a verdict for the defendant. This could not possibly be right, unless the plaintiff’s witnesses were not worthy of credit, which is not pretended ; or, unless the jury were justified in their verdict, by the settlement attempted to be proved on the part of the defendant. The evidence shews clearly, there was no final settlement made between the parties, but only an ineffectual attempt to make a settlement. And even if a settlement had been made, as there was nothing to settle, but their mutual accounts exhibited, if it appeared that any gross mistake had been made in the settlement, it ought not to have been conclusive.
We are, therefore, of opinion, that the circuit court erred in refusing to grant a new trial; and in giving judgment against the plaintiff on the verdict.
On the subject of the other errors assigned, it will only be necessary to add, that the award is illegal on its face, so that it ought not to be made the judgment of the court; and that it would be in vain for us now to require that the award should hereafter be brought before the court below, for the purpose of doing only that which has been already done. Nor do we think the setting aside the order of reference ought to be regarded ; both parties having afterwards appeared, and made up pleadings in the cause, without any exception having been taken, or objection made.--Judgment reversed'.

 See Duncan vs. Finnyborn and wife, Jane 1803, and Hutchefon vs. Plummer, fpring 1804, Pr, Dec, 309, 381, on this point, ;